FILED
United States Court of Appeals
Tenth Circuit

April 25, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

MOZELLA M. DYER,

        Plaintiff-Appellant,

v.

CYNTHIA LANE, individually and in her official capacity as Superintendent; USD 500; BARBARA KIRKEGAARD, individually and in her official capacity as Lead Human Resources Director; KELLI MATHER, individually and in her official capacity as Chief Financial Officer,

        Defendants – Appellees

and

JILL SHACKLEFORD, individually and in her official capacity as former Superintendent; JAYSON STRICKLAND, individually and in his official capacity as Assistant Superintendent; EDWIN HUDSON, individually and in his official capacity as Chief Human Resources Officer; DAVID SMITH, individually and in his official capacity as Chief of Staff; SHERRY SAMPLES, individually and in her official capacity as Human Resources Director, USD 500; STEVE VAUGHN, individually and in his official capacity as Human Resources Director, USD 500; JOHN D. RIOS, individually and in his official capacity as former Assistant Superintendent, USD 500; JOHN LEE, individually and in his official capacity as Finance, Payroll & Human Resources

No. 13-3190
(D.C. No. 2:12-CV-02081-JTM)
(D. Kan.)

Manager; MARCELLA CLAY; JOE
FIVES, individually and in his official
capacity as Director of Technology and
Information; and KELLI MATHER,
individually and in her official capacity
as Chief Financial Officer

        Defendants.

---

**ORDER AND JUDGMENT[*]**

---

Before **HOLMES**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

Plaintiff Mozella Dyer appeals from the district court's grant of summary

judgment in favor of her employer, the Kansas City Unified School District No. 500

(KCUSD), and two of its administrators, on her discrimination and breach-of-implied

contract claims.[1]  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

BACKGROUND

The district court's order thoroughly sets out the factual background in its

detailed thirty-five page decision.  Thus, we only summarize the salient facts.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]    Ms. Dyer's complaint also named other defendants and asserted additional
claims, but she does not appeal the district court's dismissal of those claims or
defendants.

Ms. Dyer was employed by KCUSD, where her responsibilities included the training, assignment and discipline of substitute teachers. In 2008, Ms. Dyer approved her husband, Armand Dyer, as a KCUSD substitute teacher. School administrators sent numerous performance complaints about Mr. Dyer to Ms. Dyer. These included complaints that Mr. Dyer failed to show up; was tardy; used profanity and inappropriate language; failed to accompany children to recess or be in the classroom when they returned; used inappropriate discipline; and failed to supervise students or control his classes. Four school principals requested that Mr. Dyer never again be assigned to their school. It is undisputed that Ms. Dyer received these complaints; directly supervised her husband as a substitute teacher; did not investigate or tell her supervisors about the complaints; and did not tell her husband about the complaints or otherwise counsel or discipline him. It is also undisputed that Ms. Dyer took disciplinary actions against other substitute teachers, including terminating their eligibility for assignments.

In August 2011, two employees supervised by Ms. Dyer informed the head of KCUSD Human Resources Department about Ms. Dyer's failure to address Mr. Dyer's performance complaints. Ms. Dyer's direct supervisor, Lead Human Resources Director, Barbara Kirkegaard, was directed to investigate. Her investigation confirmed the unchecked performance complaints and uncovered evidence that Ms. Dyer had improperly pre-arranged substitute teaching assignments for her husband. KCUSD policy requires substitute teachers be randomly assigned

by a computer program, referred to as the SubFinder system. Ms. Kirkegaard's initial report concluded that Ms. Dyer had abused her authority by accessing the SubFinder system to pre-arrange teaching assignments for her husband and failing to address his performance complaints. She was asked to further investigate the pre-arranged assignments. She concluded that Ms. Dyer inappropriately pre-arranged her husband's assignments thirty times, which prevented other substitute teachers from getting assignments on three occasions. She also concluded that Ms. Dyer's improper use of the SubFinder system breached the trust KCUSD had placed in her when it allowed her access to the computer, which includes confidential and personal information about KCUSD employees.

Ms. Kirkegaard's final report recommended Ms. Dyer be terminated because she demonstrated gross misconduct and neglect of duty in failing to address the many complaints about her husband, which showed a lack of concern for students; abused her power to give her husband preferential pre-arranged assignments for economic gain; and committed a serious breach of trust by inappropriately accessing KCUSD's computer system in order to make the improper pre-arranged assignments. KCUSD Superintendent, Cynthia Lane, concurred and recommended to the KCUSD School Board that Ms. Dyer be terminated. KCUSD terminated Ms. Dyer's employment, affording her both pre- and post-termination due process.

Ms. Dyer then filed a complaint alleging KCUSD discriminated against her because of her race—African American—in violation of Title VII of the Civil Rights

Act, 42 U.S.C. § 2000e *et seq*., and breached an implied-in-fact employment contract, and that Ms. Lane and Ms. Kirkegaard racially discriminated against her in violation of 42 U.S.C. § 1981. *See Crowe v. ADT Sec. Servs*., *Inc*., 649 F.3d 1189, 1194 (10th Cir. 2011) (holding that the standards for proving a discrimination claim under Title VII and under § 1981 are the same). The district court granted summary judgment in favor of the defendants.

We review de novo the district court's grant of summary judgment. *Orr v. City of Albuquerque*, 417 F.3d 1144, 1148 (10th Cir. 2005). A party is entitled to summary judgment if it demonstrates through pleadings, depositions, answers to interrogatories, admissions on file, or affidavits, that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c).

## DISCRIMINATION CLAIMS

To prove a circumstantial-evidence discrimination claim under Title VII or § 1981, Ms. Dyer must establish a prima facie case of discrimination by demonstrating "(1) [she] was a member of a protected class; (2) [she] was qualified and satisfactorily performing [her] job; and (3) [she] was terminated under circumstances giving rise to an inference of discrimination." *Salguero v. City of Clovis*, 366 F.3d 1168, 1175 (10th Cir. 2004). If established, the burden then shifts to the defendant to provide a legitimate, non-discriminatory reason for the termination. *Id*. If the defendant does so, the burden shifts back to the plaintiff

to provide evidence that the defendant's proffered reasons are pretext for discrimination. *Id.*

The district court ruled Ms. Dyer failed to make out a prima facie case of discrimination because she failed to show that any similarly-situated non-African American school employee was treated differently from her. It further ruled that even if Ms. Dyer had made out a prima facie case of discrimination, the defendants established legitimate, non-discriminatory reasons for terminating Ms. Dyer, who failed to present evidence showing that the defendants' actions were a pretext for discrimination.

On appeal, Ms. Dyer argues the district court erred in ruling she did not establish a prima facie case of discrimination or present evidence of pretext sufficient to withstand summary judgment. We need only address her pretext arguments to affirm the district court's judgment.

> Pretext can be shown by such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons. In determining whether the proffered reason for a decision was pretextual, we examine the facts as they appear to the person making the decision, not the plaintiff's subjective evaluation of the situation. Thus, the relevant inquiry is not whether the employer's proffered reasons were wise, fair or correct, but whether it honestly believed those reasons and acted in good faith upon those beliefs.

*Lobato v. N.M. Env't Dep't*, 733 F.3d 1283, 1289 (10th Cir. 2013) (internal quotation marks, brackets and citations omitted).

As evidence of pretext, Ms. Dyer first cites the defendants' failure to give her a written warning or suspension before terminating her, which she claims violates KCUSD's progressive discipline policy. A plaintiff may show pretext by evidence that the employer acted contrary to a written or unwritten policy or company practice when making the adverse employment decision. *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1230 (10th Cir. 2000). It is undisputed that KCUSD has a progressive discipline policy, but Ms. Dyer did not dispute KCUSD's evidence that application of this policy is determined on an individual basis, is generally used only when KCUSD concludes the issue can be remediated, and generally is not used if the issue put a student's safety or welfare at risk or involved a breach of trust.[2] KCUSD presented evidence that Ms. Dyer's failure to address her husband's performance issues put students' welfare at risk and that her inappropriate use of its computer program was a breach of trust. Ms. Dyer fails to show that KCUSD did not follow its policy in her case or that its explanation for its decision to terminate her without a warning or suspension is "unworthy of belief." *Id.* 220 F.3d at 1230.

Next, Ms. Dyer cites evidence that she claims shows that three non-African American employees were treated more favorably than her because they were suspended or reprimanded for misconduct, not terminated. *See id.*, 220 F.3d at 1232 (holding a plaintiff may show pretext "by providing evidence that he was treated

---

[2] KCUSD admits that it has an unwritten progressive discipline policy. Ms. Dyer's only evidence of a written policy is three incomplete, apparently unrelated, pages containing snippets of a progressive policy.

differently from other similarly-situated, nonprotected employees who violated work rules of comparable seriousness"). Ms. Dyer has the burden to show other employees were similarly situated. *Riggs v. AirTran Airways, Inc*., 497 F.3d 1108, 1121 n.4 (10th Cir. 2007). She presented evidence that a KCUSD high school principal and assistant principal were given written reprimands for inadequate accounting controls and fiscal practices, such as paying for items from the wrong account and failing to ensure accuracy and accountability. She argues their misconduct is comparable to hers because it involved fiscal misconduct. But there is no evidence that these two employees' actions put students' safety or welfare at risk, that they breached any position of trust, or that they or their family members personally benefited from their fiscal mismanagement.

Ms. Dyer also presented evidence that a third employee, an assistant superintendent, was suspended for creating an environment in which teachers were fearful of expressing opinions, for focusing on increasing test scores regardless of students' well-being, and having favorite employees. Ms. Dyer argues his misconduct is comparable to hers because both involved concerns about student welfare. But there is no evidence that this employee's emphasis on testing showed as serious a lack of concern for students' welfare as Ms. Dyer's. Ms. Dyer continued to give her husband teaching assignments despite numerous, specific complaints that he was neglecting students' welfare, complaints so serious that four administrators banned him from their schools. Moreover, there is no evidence that this employee's

actions breached any position of trust or that he or his family personally benefited from his misconduct. Ms. Dyer's evidence fails to establish pretext because she failed to proffer evidence showing that these employees' misconduct were of comparable seriousness to her own misconduct. *See Kendrick*, 220 F.3d at 1233 ("A company must be allowed to exercise its judgment in determining how severely it will discipline an employee for different types of conduct.").

Finally, Ms. Dyer asserts that two statements in Ms. Kirkegaard's report concerning Ms. Dyer's admissions of wrongdoing were false. Ms. Kirkegaard reported that Ms. Dyer admitted pre-arranging thirty substitute assignments for her husband and admitted this was preferential treatment. Ms. Dyer asserts she did not make these admissions in her interview, and she argues Ms. Kirkegaard's alleged dishonesty is evidence of pretext. We disagree. Ms. Dyer disputes the *number* of times she pre-arranged assignments—apparently because of how she defines the term—but she does not deny the relevant fact in the report that she did pre-arrange assignments for her husband, nor does she dispute that KCUSD's policy is to randomly assign substitute teachers. Further, notwithstanding her own beliefs or admissions, Ms. Dyer presents no evidence that the defendants did not believe she gave her husband preferential treatment in pre-arranging assignments for him. Her disputes about Ms. Kirkegaard's report do not suggest that KCUSD's explanation for terminating her are unworthy of belief. *See id.*, 220 F.3d at 1231 ("[A] challenge of pretext requires us to look at the facts as they appear to the person making the

- 9 -

decision to terminate."). We agree with the district court's conclusion that Ms. Dyer has not shown the existence of any genuine factual dispute regarding pretext.

BREACH OF IMPLIED CONTRACT

Ms. Dyer contends she had an implied-in-fact contract with KCUSD that she could only be terminated for just cause. KCUSD argued that, assuming for arguments sake that was true, it was entitled to summary judgment because it is undisputed that it did terminate her for just cause. The district court agreed with KCUSD, ruling the uncontroverted evidence established that KCUSD had just cause to terminate Ms. Dyer based on the evidence she abused her position of trust by circumventing the random assignment process for the benefit of her husband and failing to act on serious complaints about his performance.

On appeal, Ms. Dyer cites the same evidence she cited as pretext to argue there was not just cause to terminate her, namely, that she was not given an opportunity to remediate her misconduct, that other employees were given that opportunity, and that she did not admit to pre-arranging assignments thirty times or giving her husband preferential treatment. Again, Ms. Dyer only disputes the number of times she improperly pre-arranged assignments, but it is undisputed she improperly pre-arranged some number of teaching assignments for her husband. She disputes the seriousness of the complaints about his performance but it is undisputed she failed to take any action whatsoever on numerous complaints about his conduct which were serious enough to the reporting schools to request Mr. Dyer never again

- 10 -

be assigned to their schools. Ms. Dyer's disputes do not create a genuine issue of material fact as to whether KCUSD had just cause to terminate her employment, because it is undisputed that she abused her authority and breached her position of trust. The district court did not err in granting summary judgment in favor of KCUSD on Ms. Dyer's breach-of-implied contract claim.

The judgment of the district court is affirmed.

Entered for the Court

Stephen H. Anderson
Circuit Judge